# United States Court of Appeals for the Fifth Circuit

————————

No. 22-50923
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

November 13, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JERROD EVERT MCDOUGAL,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:21-CR-142-1

———————————————————————

Before RICHMAN, SOUTHWICK, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Jerrod McDougal was indicted in August 2020 for aggravated assault with a deadly weapon after he allegedly tried to drive a truck over his girlfriend. *See* TEX. PENAL CODE ANN. §§ 12.33(a), 22.02(a)(2), (b). The state court released McDougal on bond under several conditions, including a restriction on possessing firearms. Federal law, for its part, also

————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

prohibited McDougal from receiving a firearm, *see* 18 U.S.C. § 922(n), and prohibited licensed dealers from transferring one to him, *see id.* at § 922(d).

About a month after his state indictment, McDougal pawned an heirloom rifle for $300 to buy a laptop. His pawn ticket explained that the shop would return the rifle to anyone who held the ticket—unless McDougal reported it stolen. *See* Tex. Fin. Code Ann. §§ 371.162–.163. Despite his pending indictment, his bond conditions, and federal law, McDougal twice tried to reclaim the rifle himself. On both occasions, he falsely denied on a federal form that he was "under indictment . . . for a felony." Each time the pawn shop transmitted his information for a background check, it learned that it could not return the rifle because of McDougal's pending charge. McDougal's sworn misrepresentations also violated federal law. *See* 18 U.S.C. § 922(a)(6) (prohibiting false statements "with respect to any fact material to the lawfulness of the sale . . . of such firearm").

After McDougal's failed retrieval attempts, a federal grand jury indicted him under § 922(a)(6) for making false statements to the government about his indictment status. McDougal pleaded guilty to both the state and federal charges, but later appealed his federal conviction—arguing that, as applied to him, the firearm regulatory regime violates the Second Amendment. *See New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). We stayed this case pending our decision in *United States v. Quiroz*. *See* 125 F.4th 713 (5th Cir. 2025), *petition for cert. filed*, No. 24-7342 (U.S. May 29, 2025). We have since held in *Quiroz* that restricting indicted defendants from receiving firearms accords with our nation's historical tradition of firearm regulation. *See id.* at 715, 718–25. This appeal is now ripe for decision.

No. 22-50923

I

We AFFIRM McDougal's guilty plea under § 922(a)(6) because his constitutional challenge does not excuse his sworn misrepresentations, and *Quiroz* forecloses his argument.

A

McDougal's constitutional challenge does not relieve him of his statutory duty to tell the truth—specifically under § 922(a)(6). He pleaded guilty to knowingly making false statements in connection with the attempted acquisition of a firearm from a licensed dealer. Although he now contends that §§ 922(a)(6), (d), and (n) are unconstitutional, the proper recourse for an allegedly unconstitutional statute is a lawsuit, not perjury on federal paperwork. The Supreme Court has "consistently—indeed, without exception—allowed sanction for false statements" even when the government allegedly exceeded its constitutional powers in asking the question that elicited the false statement. *See United States v. Mandujano*, 425 U.S. 564, 577 (1976) (plurality opinion) (cleaned up) (collecting cases). And "one who furnishes false information to the Government in feigned compliance with a statutory requirement cannot defend against prosecution for his fraud by challenging the validity of the requirement itself." *United States v. Knox*, 396 U.S. 77, 79 (1969).

The law forbade McDougal from lying on firearm paperwork, but he did so anyway. We therefore AFFIRM his guilty plea under § 922(a)(6).

B

To be sure, the statute McDougal challenges might have been deemed unconstitutional—that possibility is why we stayed this case pending *Quiroz*. *See* 125 F.4th 713. But our holding there confirms the district court's judgment here.

3

In *Quiroz*, the district court mistakenly "concluded that because § 922(n) is unconstitutional, the § 922(a)(6) charge should be dismissed," reasoning that the "false statement about not being under indictment was immaterial." *Id.* at 725 (discussing 18 U.S.C. § 922(a)(6)). On review, we clarified that § 922(n) "is consistent with the nation's historical tradition of firearms regulation," and therefore constitutional. *See id.* at 715–16, 725. We accordingly reversed and remanded for the district court to consider the § 922(a)(6) issue that it had bypassed. *See id.* at 725.

The district court here correctly accepted McDougal's guilty plea on his § 922(a)(6) charge because the firearm regulatory scheme, as applied to him, is constitutional. The district court properly recognized the validity of §§ 922(a)(6), (d), and (n). We therefore have no occasion to disturb its judgment as we did in *Quiroz*. McDougal pleaded guilty to making false statements in connection with the attempted acquisition of a firearm, *see* 18 U.S.C. § 922(a)(6), and we have since reaffirmed that § 922(n)—which bars indicted defendants from receiving firearms—is constitutional. *Quiroz*, 125 F.4th 715–16, 725.

\* \* \*

We AFFIRM the district court's judgment.

4